IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



FILED
FEB 12 2020
Clerk, U.S. District Court
Texas Eastern

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | **SEALED** |
| v. | § § | Case No. 4:20CR 55 |
| ▮▮▮▮▮ | § § § | Judge Jordan |
| CRAIG BEASON (3) | § § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT ONE

Violation: 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute Methamphetamine)

That from sometime on or about August 1, 2019, and continuously thereafter up to and including on or about August 22, 2019, in the Eastern District of Texas and elsewhere, ▮▮▮▮▮ and **Craig Beason**, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to distribute a substance or mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 846.

## COUNT TWO

                                              Violation: 18 U.S.C. § 2 and 922(g)(1)
                                              (Aiding and Abetting and Possession of a
                                              Firearm by a Prohibited Person)

On or about August 1, 2019 and continuing to on or about August 11, 2019, in the Eastern District of Texas, defendants, ▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮▮▮ knowing that **Scott Wayne Burdine** had been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, Burglary of a Building in Case Number CR15786 in the 271st District Court of Wise County, Texas, aided and abetted by each other, did knowingly possess in and affecting interstate and foreign commerce the following firearms: a Taurus .40 caliber pistol and a Smith and Wesson 38 revolver.

In violation of 18 U.S.C. § 2 and 922(g)(1).

## COUNT THREE

                                              Violation: 18 U.S.C. § 1029(b)(2)
                                              (Conspiracy to Commit Access Device
                                              Fraud)

That sometime in or around August 1, 2019, and continuously thereafter up to and including on or about August 22, 2019, in the Eastern District of Texas and elsewhere, ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ and **Craig Beason**, knowingly and with the intent to defraud, did combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to possess fifteen or more counterfeit access devices, as defined in 18 U.S.C. § 1029 (e)(2), with the intent that said possession would affect interstate and foreign commerce by causing financial institutions to execute interstate monetary transactions, in violation of 18 U.S.C. § 1029(a)(3) and (c)(1)(a)(i).

In violation of 18 U.S.C. 1029(b)(2).

### **NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE**

As a result of committing the offenses charged in this Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 21 U.S.C. § 853, all property used to commit or facilitate the offenses, proceeds from the offenses, and property derived from proceeds obtained directly or indirectly from the offenses, including but not limited to the following:

a. a Taurus .40 caliber pistol;

b. a Smith and Wesson 38 revolver; and

c. any ammunition related to the case.

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOSEPH D. BROWN
UNITED STATES ATTORNEY

_____       _____
ANAND VARADARAJAN                                      Date
G.R. JACKSON

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | **SEALED** |
| v. | § § § | Case No. 4:20CR<br>Judge |
| <br>CRAIG BEASON (3) | § § § § § | |

### NOTICE OF PENALTY

### Count One

Violation:   21 U.S.C. § 846

Penalty:   Imprisonment for a term of not more than 20 years, a fine not to exceed $1 million, or both; and a term of supervised release of at least three years.

   If it is shown that the defendant committed such violation after a prior conviction for a felony drug offense has become final, not more than 30 years, a fine not to exceed $2 million, or both; a term of supervised release of at least 6 years.

Special
Assessment:   $100.00

### Count Two

Violation:   18 U.S.C. § 2 and 922(g)(1)

Penalty:   Imprisonment for a term of not more than ten years, a fine not to exceed $250,000, or both; and a term of supervised release of not more than three years.

   If it is shown the defendant has three previous convictions by any court for a violent felony or a serious drug offense, or both, committed on occasions different from one another - Imprisonment of 15 years to life, a fine not to exceed $250,000.00, or both; a term of supervised release of at least 2 years but not more than 5 years.

<u>Special</u>
<u>Assessment</u>: $100.00

## Count Three

<u>Violation</u>:   18 U.S.C. § 1029(b)(2)

<u>Penalty</u>:   Imprisonment for a term of not more than 5 years, a fine not to exceed $250,000, or both; and a term of supervised release of up to three years.

<u>Special</u>
<u>Assessment</u>: $100.00